## FIDELITY & CASUALTY Co v THUMM

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10791.  Decided April 21, 1930

**ROSS, J.**

Howell, Roberts & Duncan, Cleveland, for F. & C. Co.

Sol Edgert, Cleveland, for Thumm.

LEVINE, J.

It is claimed by the plaintiff that the writ of execution executed by the bailiff of the Municipal Court on the 24th of September, was of no avail and that the proceedings were void for two reasons:

First: That the manner in which the writ of execution was served by the bailiff was ineffective to create a lien upon the property for the reson that he did not seize the same, but merely attached to the car a sticker announcing the execution levy.

Second: That he did not first obtain a release of the car from the police custody.

Assuming for the sake of argument that a proper levy is not effected by the bailiff by merely attaching a sticker announcing an execution levy and that before the levy is made legally effective an actual seizure of the property must take place, we fail to see how, in view of the return of the bailiff heretofore set forth in full, any other court is at liberty to disregard the same in a collateral action. No steps whasoever were taken in the Municipal Court by way of setting aside the return of the bailiff. According to the language of the return a proper effective levy was made in accordance with law. By the tenor of the return an actual seizure of the property was made by him and the same was placed in charge of F. Kelly as custodian to be kept for the bailiff. Until the return is changed or modified it imports verity and cannot be disregarded in a collateral proceeding. In such collateral proceeding all other courts must assume the correctness of the return of the bailiff and are not authorized to inquire into the actual facts with a view to determining whether the return told the truth.

It is claimed that at the time the bailiff made his levy by virtue of the writ of execution this Hupmobile car was in the custody of the police having been seized in connection with the arrest of its owner and that therefore the car was not the subject of levy either in attachment or execution unless there was first obtained from the police officers in charge of the car a release of same from the custody of the police. It is, of course, to be taken as admitted that when the police took charge of the Hupmobile they did so merely for safekeeping, as it is not claimed or charged that the Hupmobile was in any way connected with the robbery or that it was held in evidence in connection with the charge of robbery placed against its owner. The record does not disclose that the Hupmobile was being held by the police department under any legal process, but it does disclose that it was held merely for safekeeping.

Sec 11655 GC provides:

"Lands and tenements including vested legal interests therein, permanent leasehold estates renewable forever, and goods and chattels, not exempt by law, shall be subject to the payment of debts and liable to be taken on execution and sold as hereinafter provided."

There is no adjudicated case in Ohio which holds that property taken by police not under legal process but merely for safekeeping while the prisoner was in custody on a criminal charge, is not subject to levy and sale.

In this connection it is well to point out that **Section 1579-46** provides that:

"Every police officer of the City of Cleveland shall be ex officio a deputy bailiff of the municipal court and shall perform from time to time such duties in respect to cases within the jurisdiction of said court as may be required of them by said court or any judge thereof."

Since members of the police Department of the City of Cleveland are by law regarded as ex officio deputy bailiffs, it would seem a superfluous step to require the bailiff, while serving a writ of execution upon property held by the Police Department merely for safekeeping to first obtain a release from the Police Department. Assuming that the sheriff of the County made an arrest of a prisoner on a criminal charge and at the same time took charge of an automobile in the possession of the prisoner for safekeeping while the prisoner was held in custody and that thereafter a writ of attachment or execution was placed in the hands of the same sheriff who proceeded to levy upon the automobile by virtue of said writ, would it then be contended that the sheriff must first execute a release from himself to himself before the levy would become legally effective? The mere asking of the question gives the emphatic answer that such a holding would be sheer folly. The act of the sheriff in serving the writ is in itself the clearest indication that he chose to release the same from his own custody for the purpose of the levy. Under the Municipal Court Code every police officer is regarded as a deputy bailiff. This very police officer who had charge of the Hupmobile could have been required under the language of **Section 1579-45** to execute the writ of execution, and the mere fact that the bailiff or another deputy bailiff served this writ does not alter the situation.

It is nowhere claimed that the judgment obtained by Novario was not a valid judgment, nor is it urged that the writ of execution following said judgment was not a valid writ, and we are of the opinion, under the language of the return made by the bailiff, that his levy was properly and effectively made. When the sheriff of the county sought to serve his writ of attachment issued by the Common Pleas Court, the property he levied upon was already seized by the bailiff of the Municipal Court under a writ of execution. Under the law of Ohio this cannot be done.

In the case of **Bailey and Company et al vs. Childs-Groff and Company, 46 Oh St 557**, the court held that:

"Different attachments of the same property may be made by the same officer. But personal property held on attachment by one officer is not subject to levy and seizure under writs in the hands of another officer. In order to attach property in the custody of an officer under legal process, unless the writ is placed in his hands, he must be proceeded against as a garnishee. And this rule is not changed by the assent of the officer holding the property, to the subsequent so-called levy."

Holding as we do, it follows that a decree must be entered in favor of the defendants. A journal entry will be drawn accordingly.

Vickery, PJ, and Sullivan, J, concur.